IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CV-103

| | |
|---|---|
| SHON ASHBY<br><br>and<br><br>ANGEL TORRES,<br><br> Plaintiffs,<br><br>v.<br><br>CITY OF CHARLOTTE<br><br>and<br><br>CITY OF CHARLOTTE CODE ENFORCEMENT<br><br>and<br><br>CHARLOTTE MECKLENBURG POLICY DEPARTMENT<br><br>and<br><br>ZAFAR SHUMS,<br><br> Defendants. | **ORDER** |

THIS MATTER is before the Court upon Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend Complaint (Docs. No. 10, 21). In their Motion, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] For the reasons set forth below, Defendants' Motion is **GRANTED** and Plaintiffs' Motion is **DENIED**.

---

[1] Defendants move to dismiss pursuant to both Fed. R. Civ. P. 12(b)(2) and 12(b)(6). Because the Court finds that all of Plaintiff's claims may be dismissed under Rule 12(b)(6), it does not consider whether dismissal is also proper

# I. BACKGROUND

The *pro se* Plaintiffs bring this case under 42 U.S.C. § 1983 against all Defendants—the City of Charlotte, two of its component parts, and Code Inspector Zafar Shums in his individual capacity.[2] Plaintiffs claim that a city ordinance has violated their right under the First Amendment to place free standing signs, crosses, and flags on the public right-of-way. Plaintiffs allege that they both are entitled to $1.5 million in damages as a result of this alleged singular deprivation.

This case arises out of an incident that took place on November 20, 2014, between Plaintiffs and City of Charlotte employees. Plaintiffs regularly gather for their ministry on the public right-of-way, outside Calvary Baptist Church. (Doc. No. 1 at 4). On the day in question, Plaintiffs were gathering for their monthly ministry and "place[d] their American flags, Christian Crosses . . . and other works of art, onto the public right of way, free standing . . ." (*Id.* at 5). Two individuals associated with Calvary Church approached and began removing Plaintiffs' free standing materials, prompting a verbal disagreement between themselves and the Plaintiffs. (*Id.*) A police officer and Zafar Shums, a Charlotte code enforcement official, arrived on the scene after being called by the individuals associated with Calvary Church. (*Id.* at 7). Shums advised Plaintiffs that their free standing items were in violation of the Charlotte City Code and could result in fines if not removed. (*Id.* at 8). Charlotte City Code § 10-212 prohibits the placement of any free standing "sign, handbill . . . or other matter . . . within any public rights-of-way . . ."

# II. LEGAL STANDARD

"In order to prove a claim for violation of constitutional rights through § 1983, a plaintiff must establish that he was 'deprived of a right secured by the Constitution or laws of the United

---

under Rule 12(b)(2). Likewise, the Court finds it unnecessary to address Defendant Shums' argument for dismissal on the grounds of qualified immunity.
[2] Plaintiff also sued Calvary Baptist Church, but the action was dismissed as against that Defendant pursuant to Fed. R. Civ. P. 12(b)(6) on July 23, 2015. (*See* Doc. No. 26).

States, and that the alleged deprivation was committed under color of state law.'" *Woodson v. City of Richmond, Virginia,* 2015 WL 631356, at *6 (E.D. Va. Feb. 12, 2015) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint filed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers," and "is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a *pro se* litigant must still plead "more than labels and conclusions." *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). The rules of generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Godfrey v. Long*, No. 5:10-CT-3105-BO, 2012 WL 43593, at *1 (E.D.N.C. Jan. 9, 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Finally, Federal Rule of Civil Procedure 15(a)(2) allows for parties to amend pleadings "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "While leave to amend should be

freely given, it '[may] be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.'" *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 200 (4th Cir. 2014) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986)).

### III. DISCUSSION

#### A. Defendants' Motion to Dismiss

Plaintiffs allege that Defendants have violated their fundamental right of free speech and right to worship through Defendants' enforcement of the "Charlotte Sign Ordinance," Charlotte Code Chapter 13 §13-101. (Doc. No. 1 at 2). Plaintiffs contend that the law is unconstitutional. (*Id.*). Defendants correctly note that Charlotte Code Chapter 13 § 13-101 addresses signage on private property, and that Charlotte City Code § 10-212 regarding signage within public rights-of-way is the proper law to consider. (Doc. No. 11 at 6–7). Plaintiffs then argue in their Reply to Defendants' Motion to Dismiss that Charlotte City Code § 10-212 is unconstitutional due to its "broad language[] and vagueness," aspects which have allegedly allowed Defendants "to remove religious speech, while allowing secular speech . . . upon the same public fora." (Doc. No. 20 at 6). Finally, Plaintiffs argue their conduct was lawful under Charlotte's picketing ordinance, Charlotte City Code § 19–301. (*Id.* at 6–7).[3]

Defendants contend that Plaintiffs have not met minimal pleading standards in their complaint. (Doc. No. 11 at 6). Specifically, Defendants argue that Charlotte City Code § 10-212 is constitutional, that Plaintiff's factual allegations establish they violated Charlotte City Code §

---

[3] The picketing ordinance is not relevant to this case. Plaintiffs argue the picketing ordinance "allows items which exhibit free speech[] to be brought on to the public right away" and that the statute does not prohibit "the freestanding of those items upon the right away." (Doc. No. 1 at 9). However, the lack of mention of freestanding items in the picketing ordinance does not mean they are unregulated. Charlotte City Code § 10-212 does contemplate freestanding items on the public right of way, and as a result it is the relevant statute the Court considers.

10-212, and as a result they cannot state a plausible claim for relief under 42 U.S.C § 1983. (*Id.* at 7).

In order to determine whether Plaintiffs have alleged sufficient facts to support a claim for relief under 42 U.S.C § 1983, the Court must determine whether Charlotte City Code § 10-212 is unconstitutional. *See Woodson*, 2015 WL 631356, at *6. For the reasons stated in Defendants' brief supporting their Motion to Dismiss, (Doc. No. 11 at 6–14), the Court finds that Charlotte City Code § 10-212 is content neutral. *See Brown v. Town of Cary,* 706 F.3d 294, 302–04 (4th Cir. 2013) (holding a similar ordinance governing the placement and display of signs on private, residential property constitutional—even though the ordinance contained content-based exceptions—because it was narrowly tailored to further town's substantial interests and the exceptions were not unconstitutionally vague). Content-neutral restrictions on speech are tested under intermediate scrutiny and are valid where the restriction serves a significant governmental interest, is narrowly tailored to serve that government interest, and allows for adequate alternative avenues by which speakers can communicate their message. *Id.* at 305. The Court agrees with Defendants that the restriction serves a significant government interest by protecting traffic safety, efficient transfer of information, and aesthetic appeal of the community. *See Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 805 (1984). The Court also agrees with Defendants that the statute's restriction on speech is narrowly tailored. *See id.* at 809. Finally, the Court agrees with Defendants that the restriction allows for adequate alternative avenues by which speakers can communicate their message because it allows for the "more general dissemination" of Plaintiff's message. *Green v. City of Raleigh*, 523 F.3d 293, 305 (4th Cir. 2008).

Because this Court finds Charlotte City Code § 10-212 constitutional, and the facts alleged by Plaintiffs in their Complaint establish they acted in violation of the statute, this Court must dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**B. Plaintiffs' Motion to Amend**

Plaintiffs filed a Motion to Amend Complaint on May 28, 2015. (Doc. No. 21). The proposed Amendment emphasizes a vagueness and selective enforcement challenge to Charlotte City Code § 10-212. (*Id.*) For the reasons stated in Defendants' Reply in support of their Motion to Dismiss, the Court finds that Charlotte City Code § 10-212 is not unconstitutionally vague. (*See* Doc. No. 23 at 2–4). The Court also agrees with Defendants that Plaintiffs fail to state a claim for selective enforcement of the ordinance under the Equal Protection Clause. (*Id.* at 4–9). Considering Plaintiffs' factual allegations under the liberal *pro se* standard, Plaintiffs fail to allege any facts remotely indicating the Defendants acted out of discriminatory animus when they enforced the ordinance against Plaintiffs. As a result, the Court must deny Plaintiffs' Motion to Amend on grounds of futility.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc No. 10) is **GRANTED**. Plaintiffs' Motion to Amend (Doc. No. 21) is **DENIED**.

**SO ORDERED.**

Signed: August 6, 2015

Graham C. Mullen
United States District Judge